SHAWMUT WAXED PAPER COMPANY

*vs.*

EMILE A. TONDREAU.

Cumberland County.   Decided May 17, 1938.   On exceptions by plaintiff to the acceptance below of the report of a Referee, favorable to the defendant.

On May 14, 1936, a salesman soliciting business for plaintiff called on defendant in Brunswick, this state, and conferred with him about supplying wrapping paper for bread, and the procuring and use of an engraved plate for stamping or printing such paper, to be furnished to the White Notch Baking Company, then being formed, as evidence shows the salesman was told. The certificate of corporate organization, designating defendant as president, was officially approved May 14, 1936, and public record completed on May 18, 1936.

The salesman prepared an order for the purchase of a consignment of paper and the desired plate, on a form provided by plaintiff, the substance whereof pertinent here being that, subject to conditions printed on the back of the sheet, plaintiff "Sold to White Notch Baking Co." to be delivered to the company at Laconia, N. H., the merchandise therein described; defendant signed it "E. A. Tondreau President" and delivered it to the salesman.

On the back of the form used, two "conditions" have weight in the case:

"1. All contracts are subject to acceptance at the Home Office."

"5. We reserve the right to refuse to make shipment of any merchandise where buyer's financial responsibility shall at any time become unsatisfactory to us."

By shipments from June 5 to June 22, 1936, the goods ordered were shipped to, and on being received, were retained by, the Baking Company, at Laconia.

As to demand that there be payment by defendant, the evidence shows only that by letter dated September 10, to Mr. Tondreau,

statement is made that a former letter was written to him on the first of the month.

Demand, if any, is in these words: "You have always taken care of your bills so promptly we don't understand why this has not been paid."

Twelve days later, another letter was written, claiming payment of Mr. Tondreau as guarantor.

Six letters of demand followed before suit. In some of them the defendant is treated as purchaser; in others as guarantor.

There is no evidence that defendant ever, in writing or by word, purchased for himself, or guaranteed payment of any bill of the Baking Company.

Conclusion, therefore, is: Exception overruled. *Ellis L. Aldrich, Sherwood Aldrich,* for plaintiff. *Joseph A. Aldred,* for defendant.